IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT REED FALBE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02720-JPG |
| | ) |
| USA, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by a *pro se* prisoner, Plaintiff Robert Reed Falbe, III,[1] on December 19, 2022. (Doc. 7). The Court is required to screen all prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Even under this liberal pleading standard, the Court finds that the First Amended Complaint is incomprehensible and must be dismissed. Because further amendment would be futile, the entire action shall be **DISMISSED with prejudice** and this **CASE CLOSED**.

### Discussion

The First Amended Complaint fails to state a claim for relief against the defendant. An action falls short of stating a claim if it does not plead "enough facts to state a claim to relief that

---

[1] On the date he filed this action, Plaintiff was incarcerated at Avenal State Prison in Avenal, California.

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's allegations do not nudge any claims from the realm of "possible" to "plausible." *Id*.

The First Amended Complaint (Doc. 7) spans 119 pages. In addition, Plaintiff filed a 47-page Supplement (Doc. 8), a 3-page Supplement (Doc. 11), a 10-page Supplement (Doc. 14), a 9-page Supplement (Doc. 16), and a 52-page Supplement (Doc. 19). In all, the amended complaint consists of 6 documents and 240 pages. Even so, Plaintiff does not indicate why he is bringing this action.

The United States is listed as the only defendant. However, Plaintiff offers no jurisdictional basis for his claim(s) against the United States, and he sets forth no allegations of wrongdoing against this defendant. The Court is in no position to guess why he filed suit and will not engage in speculation.

Plaintiff's First Amended Complaint is also incomprehensible. He largely relies on words, phrases, and sentence fragments that lack focus, defy logic, and amount to gibberish. By way of example, Plaintiff states the following on the first page of his amended complaint:

> First Amended Complaint __ Context __
>
> Prayer is to find Jurisdiction for the People of the State of Illinois __ Data loss due to Police Power __.
>
> Plaintiff Renders Proofs of FaceBook Page through the U.S. District Court for the Southern District of Illinois __ Plus one of five files submitted to the Office of the Clerk U.S.S.C. __ File one Recieved __ Jan 28 __ 2022  see: Clayton R. Higgins Jr.
>
> Plaintiff lives in the State of Illinois.
>
> *in forma pauperis pro se*<br>*ad hoc Robert R. Falbe, III* BK5930<br>12-12-2022

(Doc. 1, p. 1). These allegations make no sense. To the extent Plaintiff asserts "facts," he misstates them. For example, Plaintiff indicates that he lives in Illinois. However, he has provided the Court with only two addresses during the pending action, and both are in California.[2]

On the second page of the amended complaint, Plaintiff explains that he filed a "Nerrative" against Wal-Mart Stores, Inc. (*Id*. at 2). He asks the Court to "[p]lease support jurisdiction in (Falbe v. U.S.A.)" by "sending the above mentioned Nerrative as context in support of jurisdiction __ 17 Benders No. CrR21:30." He signs the second page in the same manner he signed the first page but adds: "(Destabilization Cautionary 10-04-2019 16 Benders No. CrR17:3 Subpoena Duces Tecum)." Again, these "allegations" provide the Court with no basis for jurisdiction over this suit or any claims against the United States.

This Court need not delve into the details of all 240 pages. The remainder of the amended complaint contains more of the same. Plaintiff's allegations consist of strings of disjointed, nonsensical statements scattered across hundreds of pages covering dozens of topics in several different languages. Like the one before it, this version of the complaint is unintelligible. The Court cannot discern why Plaintiff filed this action, why he did so in this court, what claims he seeks to bring, and what relief he requests. Plaintiff has failed to state a claim upon which relief may be granted. Granting Plaintiff leave to amend his complaint again would be futile, given the numerous incomprehensible complaints already submitted to date. *Stibbe v. Evers*, 2022 WL 16833515, at *2 (7th Cir. 2022) (citing *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519-20 (7th Cir. 2015)). Accordingly, the First Amended Complaint does not survive screening under § 1915A and shall be dismissed with prejudice.

---

[2] Plaintiff filed a Notice of Address Change to update his address from Avenal, California, to Costa Mesa, California, on February 26, 2023. (Doc. 26). These are the only two addresses he has provided to the Court during the pending action.

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 7) and Supplements (Docs. 8, 11, 14, 16, and 19)—and this entire action—are **DISMISSED** with prejudice for failure to state any claim upon which relief may be granted. All pending motions (Docs. 6, 12, 21, 24, and 25) are **TERMINATED** as **MOOT**.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 3/28/2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**